IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL VALLEY and** | : | **CIVIL ACTION** |
| **DENISE VALLEY** | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY** | : | **NO. 06-4351** |

**NORMA L. SHAPIRO, S.J.**　　　　　　　　　　　　　　　　　　　　**DECEMBER 12, 2006**

**MEMORANDUM AND ORDER**

Plaintiffs Daniel Valley and Denise Valley have filed a motion for remand in this diversity action. The issue in contention is whether the amount in controversy requirement is satisfied. The court holds that the jurisdictional amount has been met, and consequently, plaintiffs' motion to remand is denied.

**I.     Background**

Daniel and Denise Valley ("Valleys") filed this action in the Court of Common Pleas in Philadelphia County. According to their complaint, State Farm Fire and Casualty Company ("State Farm") issued Valleys a premises insurance policy. On September 13, 2005, while the insurance policy was in effect, the insured premises suffered accidental soot damage. Valleys timely gave State Farm notice of their loss, but State Farm refused to pay the benefits Valleys allege were due under the policy.

Count I of Valleys' complaint alleges breach of contract and demands judgment in an amount not in excess of $50,000 with interest and costs. Count II of the complaint alleges bad faith, in violation of 42 Pa.C.S.A. § 8371, and demands judgment not in excess of $50,000 for punitive damages, counsel fees and costs, and interest on Valleys' claim at the prime interest rate

plus three percent.  The state court civil cover sheet reported the amount in controversy as $50,000 or less, and listed the action for arbitration.

State Farm, removing this action to federal court, claimed that Valleys' demand for judgment was over $75,000.  Valleys filed a motion for remand arguing that: (1) State Farm has not established to a "legal certainty" that the amount in controversy is in excess of $75,000; and (2) the case was designated for compulsory arbitration in state court where the total amount of damages recoverable is capped at $50,000 under 42 Pa.Cons.Stat. § 7381.  Valleys also averred that the actual amount of damages in dispute is $31,445.65.  This court held a hearing on Valleys' motion for remand at which the parties stated that, if the action were to remain in federal court, it was subject to arbitration under Local Rule of Civil Procedure 53.2.

**II.   Discussion**

Any civil action brought in state court may be removed to the federal district court where the action is pending, if the district court would have had original jurisdiction.  28 U.S.C. § 1441 (2000).  If the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c) (2000).  The amount in controversy is generally decided from the face of the complaint itself.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Id. at 146.  The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation.  See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  The removal statutes must be strictly construed against removal and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools, 913 F.2d 108, 111 (3d Cir. 1990).

The district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a) (2000).  A corporation is deemed the citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c) (2000).  Daniel and Denise Valley are citizens of Pennsylvania.  State Farm Fire and Casualty Company is a corporation organized under the laws of Illinois, with a principal place of business in Bloomington, Illinois.  Diversity of citizenship between the parties is undisputed.  The only issue to be resolved is whether the amount in controversy requirement has been satisfied.

Valleys argue State Farm did not prove to a "legal certainty" that their claims meet the required jurisdictional amount.  The standard of proof for showing the jurisdictional amount has been met is not clear.  Some courts in this district, citing Samuel-Bassett v. KIA Motors Am. Inc., 357 F.3d 392, 396-98 (3d Cir. 2004), support Valleys' argument that the removing party bears the burden of proving the jurisdictional amount to a legal certainty.  See, e.g., Brownstein v. Allstate Ins. Co., No. 06-4759 (E.D. Pa. Nov. 16, 2006); Uccelletti v. State Farm Fire and Casualty Co., No. 06-4065 (E.D. Pa. Oct. 11, 2006); and Howard v. Allstate Ins. Co., 2006 U.S. Dist. LEXIS 71915, at *4-5 (E.D. Pa. Sept. 28, 2006).

However, Samuel-Bassett does not stand for this proposition.  In Samuel-Bassett, the Court of Appeals articulated the standard to be used by district courts to determine whether an action meets the amount-in-controversy requirement.  The Samuel-Bassett court explained the "legal certainty" test, established by the U.S. Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), is "whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that

3

amount . . . If not, the suit must be dismissed." Samuel-Bassett, 357 F.3d at 397. Then the Court of Appeals recommended that the district courts adhere to the legal certainty test cited in Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214 (3d Cir. 1999), *rev'd on other grounds*, 545 U.S. 546 (2005); Packard v. Provident Nat'l Bank, 994 F.2d 1039 (3d Cir. 1993); Bloom v. Barry, 755 F.2d 356 (3d Cir. 1985); and Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971). Id. All these cases cite to and rely upon the Red Cab legal certainty standard discussed above. See Meritcare, 166 F.3d at 217 ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded . . ."); Packard, 994 F.2d at 1046 ("When it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed . . ."); Bloom, 755 F.2d at 358 (district court properly applied the legal certainty test announced in Red Cab); and Nelson, 451 F.2d at 293 (test for determining if the plaintiff has claimed the necessary jurisdictional amount in "good faith" is that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal). The legal certainty standard established by the Court of Appeals in Samuel-Bassett is the same standard established by the Supreme Court in Red Cab.

Under Red Cab, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $75,000 – a substantially different standard. This reading of the legal certainty test is supported by Meritcare, Bloom, Packard, and Nelson. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

4

In <u>Meritcare</u>, one of the plaintiffs, Quinlan Medical, Inc. ("Quinlan"), sued an insurance company for denying claim coverage. 166 F.3d at 216. Quinlan asserted claims for compensatory damages, as well as punitive damages, costs, and attorneys' fees under the Pennsylvania bad faith insurance statute, 42 Pa.C.S.A. § 8371. <u>Id</u>. In its pretrial memorandum, Quinlan stated that its compensatory damages were less than $5,000; and in its response to defendant's motion for summary judgment, Quinlan conceded it was unlikely that bad faith damages would boost its recovery over the then-jurisdictional minimum of $50,000. <u>Id</u>. at 222. The record provided no basis for additional sums due Quinlan for alleged bad faith or reimbursement of attorneys' fees. <u>Id</u>. at 223. Quinlan's claims were severed and remanded to state court because it was a legal certainty they did not exceed the requisite jurisdictional amount. <u>Id</u>.

In <u>Packard</u>, where none of the plaintiffs was entitled to more than $50,000 in compensatory damages, where punitive damages were not recoverable under Pennsylvania law, and where there was a legal certainty that the requisite amount in controversy was not recoverable, the court remanded with instructions to dismiss the complaint. 994 F.2d at 1046-50. In <u>Bloom</u>, a breach of warranty case, the court found that if, under the appropriate state law, it appeared to a legal certainty that the plaintiff could recover no more than the jurisdictional amount, then remand was required. 755 F.2d at 358. In <u>Nelson</u>, the court affirmed dismissal of a personal injury action where the district court found, to a legal certainty, that the plaintiffs' legally recoverable damages could not reach the federal jurisdictional amount. 451 F.2d at 298. The Court of Appeals cases upon which <u>Samuel-Bassett</u> relied do not hold the removing party must prove the jurisdictional amount to a legal certainty, but rather, require remand when it

5

appears to a legal certainty that the plaintiff's claims do not satisfy the amount in controversy requirement.[1]

It is not a legal certainty that Valleys cannot recover more than $75,000.  Valleys allege compensatory damages for breach of contract in the amount of $31,445.65, and punitive damages, attorneys fees and interest for bad faith in "an amount not in excess of $50,000."  Claims for punitive damages may be aggregated with compensatory damages in determining the amount in controversy, unless they are "patently frivolous and without foundation."  Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004).  Punitive damages claims are patently frivolous and without foundation if unavailable as a matter of state substantive law.  Id.  Where

---

[1] To this court's knowledge, no circuit court requires the removing party to prove the amount in controversy to a legal certainty.  See, e.g., Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (removing defendant bears the burden of proving a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) ("When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000"); Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006) (where plaintiffs seek to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000); Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815-16 (7th Cir. 2006) ("a defendant who removes a suit in which the complaint lacks an *ad damnum* must establish a 'reasonable probability' that the amount in controversy exceeds $75,000 . . . The burden . . . is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold"); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (defendant in a removed case must prove the requisite amount in controversy by a preponderance of the evidence); Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (at a minimum, the removing party must show the jurisdictional amount by a preponderance of the evidence); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement").

attorneys fees are recoverable under statute, they are included in the amount in controversy and not excluded as costs.  Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); see also Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933).

Punitive damages and attorneys fees are available to Valleys under 42 Pa.C.S.A. § 8371, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)  Award punitive damages against the insurer.
>
> (3)  Assess court costs and attorney fees against the insurer.

In its response to Valleys' motion for remand, State Farm argues that when the two counts in Valleys' complaint are aggregated, the required jurisdictional amount is met, since it is not unforeseeable that the Valleys will receive punitive damages of three to four times the actual damages.  We need not speculate this far.  A reasonable reading of Valleys' claims, which allege compensatory damages of $31,445.65 and punitive damages and reasonable attorneys fees not exceeding $50,000, could certainly satisfy the amount in controversy requirement.  State Farm has shown Valleys' claims exceed the required jurisdictional amount.

Valleys also argue that because the action was designated for compulsory arbitration in the Philadelphia Court of Common Pleas, where the damages are capped at $50,000 by 42 Pa.C.S.A. § 7361, the action should be remanded.  Howard v. Allstate Ins. Co., 2006 WL 2818479 (E.D. Pa.), cited in support of this argument, is distinguishable; there, plaintiff brought breach of contract and bad faith claims, each for an amount not in excess of $50,000, but he

sought compensatory damages of only $14,089.64.  Even if the Howard plaintiff were awarded $50,000 for his bad faith claim, the aggregation of his claims could not possibly exceed $75,000.  Here, Valleys' alleged compensatory damages are $31,445.65, which, aggregated with their bad faith claim, could exceed $75,000.  Valleys have refused to stipulate that their claims are for less than $75,000.  While the Court of Common Pleas civil cover sheet reports that the amount in controversy is less than $50,000, this court is not bound by that determination when considering whether the jurisdictional requirement has been met.  The court declines to remand this action merely because it has been designated for arbitration in state court

### III.    Conclusion

Valleys' motion for remand will be denied, and the rule to show cause why this case should not be dismissed for lack of diversity jurisdiction will be discharged.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL VALLEY and** | : | **CIVIL ACTION** |
| **DENISE VALLEY** | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY** | : | **NO. 06-4351** |

      **AND NOW**, this 12th day of December, 2006, it is **ORDERED** that, for the reasons stated in the attached memorandum:

      1.      Plaintiffs' motion to remand is **DENIED**.

      2.      The rule to show cause why this case should not be dismissed for lack of diversity jurisdiction is **DISCHARGED**.

      3.      This action is **REFERRED TO ARBITRATION** in accordance with Local Rule of Civil Procedure 53.2.

      /s/ Norma L. Shapiro
      Norma L. Shapiro, S.J.